675 N.W.2d 37 (2004)
469 Mich. 1010
MICHIGAN PHYSICAL THERAPY ASSOCIATION, INC., Petitioner-Appellee, and
P.T. Today, Inc., Brad Putvin, P.T., Gordon Allen, P.T., Jerome Malone, P.T., Sheila Isles, P.T., Michael Beavais, P.T., Karen Lehman Borin, Margaret Kamenec, P.T., Terence Heaton, P.T., Richard Milder, P.T., Elaine Cooper, P.T., Jim Simpson, P.T., Janet Wiseniewski, P.T., William Roth, P.T., Lana Baum, P.T., Timothy Bondy, P.T., Timothy Stegeman, P.T., Mark Beissel, P.T., David Gilboe, P.T., Diana *38 Inch, P.T., Barbara Herzog, P.T., Sandra Jenkins, P.T., Richard Feby, P.T., Mary Ann Koenig, P.T., Jeffrey Green, P.T., Osa Jackson-Wyatt, Martin Katenberg, P.T., Richard A. Kohler, P.T., Barbara Johnson, P.T., Robert Baker, P.T., Teresa Herrlinger, P.T., and John Czarneck, P.T., Petitioners-Appellants,
v.
COMMISSIONER OF INSURANCE, Respondent-Appellee, and
Blue Cross and Blue Shield of Michigan, Intervener.
Docket No. 124174, COA No. 230016.
Supreme Court of Michigan.
February 27, 2004.
On order of the Court, the application for leave to appeal the April 22, 2003 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.
MARILYN J. KELLY, J., dissents and states as follows:
I respectfully dissent. Rather than denying leave to appeal, I would grant it to review the important issues raised here. It would be helpful to the bench and bar for this Court to rule on the standard of review that an independent hearing officer (IHO) should use when reviewing a determination by the insurance commissioner.
It would also be appropriate for the Court to determine whether the IHO exceeded his authority under MCL 550.1515(3). The commissioner found that not all the statutory goals of MCL 550.1504 had been met. The IHO found unsatisfactory the commissioner's explanation that the failure was reasonable. See MCL 550.1510(1)(b). This determination was apparently within the IHO's authority. The Court of Appeals found to the contrary.
In addition, the Court should consider whether the IHO has the authority to review the formation of a provider class plan. Such a review is important here where the makeup of the provider class gives rise to the inequitable reimbursement between plaintiffs and hospital-based physical therapists. The IHO arguably has the power to review the makeup of the provider class pursuant to MCL 550.1515(3). He could do so under the theory that the access goals for the plan are not met when improper formation of the class leads to shrinking availability of independent physical therapists.